CFK

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19  1244

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __7901 State Road, Philadelphia, PA 19136__

Address of Defendant: _____

Place of Accident, Incident or Transaction: __Philadelphia__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/22/2019__    _/s/ signature_
*Attorney-at-Law / Pro Se Plaintiff*    _____
*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☑ 8. Habeas Corpus  2254
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____
*Attorney-at-Law / Pro Se Plaintiff*    _____
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

CFK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Johnson : | CIVIL ACTION |
| v. : | |
| Superintendent at SCI Chester, et. al. : | NO. **19 1244** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    **2254** (☒)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    (☐)

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (☐)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    (☐)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.    (☐)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (☐)

| | | |
|---|---|---|
| MAR 2 2 2019 | *[signature]* | |
| **Date** | **Deputy Clerk** | **Attorney for** |

| | | |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

CFK

United States District Court of Pennsylvania

Terrell Johnson
PP# 910724
7901 State Road
Philadelphia, PA 19136

19  1244
RECEIVED
MAR 22 2019

Terrell Johnson                     Pro Se Petitioner
     V                              Civil Division
Superintendant at SCI Chester       Case #
     And
Attorney General of Pennsylvania

Petition For Writ of Habeas Corpus
Under 28 U.S.C § 2254

1) Petitioner was Convicted in The Court of Common Pleas of Philadelphia County at 1301 Filbert St. Philadelphia, PA 19107 by The Honorable Judge Genece Brinkley.

2) Petitioner was Sentence on February 16, 2011 To Serve Six(6) To (12) Twelve years State Incarcerated Followed by 8 years Probation.

3) Petitioner was Convicted October 15, 2010 Docket # CP-51-CR-0007677-2008.

4) Petitioner was Charged with P.W.I.D AND Poss Contr Subst by Per Not Reg.

5) Petitioner Enter A Not Guilty Plea.

6) Petitioner Was Tried 3 Times by way of Jury April 7, 2009 To April 14, 2009 Trial ended in A Mistrial before John poserina. September 20, 2010 to September 23, 2010

Second Trial Was Schedule before Judge Genece Brinkley which also Ended in A Mistrial October 13, 2010 to October 15, 2010 3rd Trial was Schedule before Judge Brinkley which Jurors Found Petitioner Guilty.

7) Petitioner did not Testify In Any Trial Date.

8) Petitioner Appeal From The Judgement of Conviction.

9) Petitioner Filed A Notice of Appeal February 23, 2011 Court order defense Counsel To File A Concise Statement of Error by May 9, 2011. On December 29, 2011 The Superior Court Affirmed The Judgement of Sentence. On January 24, 2012 Petitioner Filed For Allowance of Appeal with The Supreme Court of Pennsylvania On May 30, 2012 The Supreme Court Denied Appeal.

10) Petitioner Has Filed Petition In State Court.

11) On July 26, 2018 Petition For Allowance In The Supreme Court of Pennsylvania Eastern District was Filed On January 9, 2019 Order Denying Relief. Petitioner Raised The Following Issue For Review. (1) Verdict is Against The Weight of Evidence (2) Newly Discovered Evidence (3) Challenge The Discretionary Aspects of Sentence imposed (4) Ineffective Assistance of Counsel. Petitioner Recieved An Evidentary Hearing on Petition June 12, 2017 P.C.R.A Court Reinstated Petitioner Appellate Rights Nunc Pro Tunc Based On The Same Grounds Above. Petitioner Appealed To the Highest Court on Petition.

12) Petitioner Grounds For Reliefs
(C) Petitioner State Conviction obtained by use of Evidence gained Pursuant To An Unconstitutional Search And Seizure, Officer William Hunter And Rafeal Cordero lacked Probable Cause To Arrest Defendant Just Because he was Standing

in a high crime drug area, Talking to a female when a U-Haul Truck pulled up Had a Brief Conversation with Petitioner, Petitioner Recovered a Brown Bag went inside this Brown Bag Retrieved Small Items out of This Bag and Handed it over to the Person in the U-Haul Truck for U.S Currency Officers Testified That They Could not see what was given to the Person in the U-Haul Truck at this Time Officer Believed That A Narcotics Transaction occurred, which he decided to Approach Defendant About what he observed Between the Person in the Haul Truck. Officer Stated That his Reason For Being in the area to investigate a Homicide That happen on William St in philadelphia were defendant was Arrested. Officer Hunter Stated when he Approach Petitioner He Told defendant what he observed And That The guy in the Haul Truck gave defendant A $20.00 Bill in He went inside Defendant Pocket And pulled out $28.00 dollars Then Question Petitioner About a Homicide. Officer Then Stated he let the defendant Go And Officer Cardaro Recovered The Brown Bag Petitioner alledgly Had. Officer Hunter Stated He used His Experience As A Narcotic officer To Determined Criminal Activity was Afoot when he believed A Drug Transaction Had occured. The person in The U-Haul Truck was Never Arrested To Determine if Petitioner Actually Engaged in Criminal Activity Probable Cause was not Established in This Case.

(D) Conviction was obtained by use of Evidence obtained Pursuant An unlawful Arrest Petitioner States Police officers didn't have any Evidence to make a lawful Arrest when only Action was Standing in Area of 13th William St. in philadelphia That He has Association with local Residents where Both Testimony of police officers who Testified Against Petitioner location As To where Petitioner was grossely Conflicted. There was No Actual Buyer To Believe Petitioner Engaged in A Transaction Arrest was unlawful Due To Lack of probable Cause And Reasonable Supicion To Believe Criminal Activity Had Occured. Investigation Detention And Constated Detention was illegal And Any Evidence that was Recovered should

have been Suppressed. Also Finger printed. Officer stated his Actual Reason In The Area was Investigating A Homicide Not A Drug Case.

E) Conviction obtained by A Violation of The Previlege against Self-Incrimination Petitioner stat. That He was Subjected to Miranda Warnings During April 8, 2008 When Officer Hunter Question him About Alledge Crime That had occured And what Petitioner Had in His Pocket And A Homicide Petitioner was not free to leave And was under Arrest Because officer stated That he Approached Petitioner Told him what he observed between U-Haul Truck. Officer stated Defendant Denied what happen, Then officer went inside pocket and stated the guy in U-Haul Truck gave you $20.00 bill, Petitioner Believe he was under Arrest once officer Hunter stated That he seen Petitioner Engaged in A illegal Drug Transaction so At this particular Time officer should of Mirandize Petitioner. October 12, 2010 officer Hunter Admitted That out of His 19 years as A philadelphia police officer he Never Mirandized A prisoner. N.T Pg 8 of December 10, 2008, N.T Pg 13 and 14 of April 8, 2009. N.T Pg 37, 52 And 53 of Sept 21, 2010 And N.T. Pg 74-76 of October 13, 2010.

F) Conviction obtained by The unconstitutional Failure of The Prosecution to Disclose To The defendant Evidence Favorable To The defendant. Petitioner states that he was Entitled To All Evidence Exculpatery in This Case Pretaining To Commonwealth witnesses prior Misconduct of officer Hunter And Cordero, which Cordero was under DEA And FBI Investigation in 2010 During Trial In 2010 prosecutor Failed to Notify defendant of the Investigation And The Notification of Said Investigation would had Help The defendant defense. Due To The Investigation of Officer Cordero led to His Conviction of Corruption And Related Charges officer Cordero was The officer who Found Drugs Petitioner illegally had. Officer Cordero Investigation with the D.E.A And FBI was in the same Area as Petitioner Arrest.

A) Conviction obtained by Action of Grand or Petit Jury which was unconstitutionally selected and impaneled. Petitioner states That During Trial, Juror indicated To the Court That she felt that it was Disrespectful For Petitioner To Come into Court with Religious Attire Prejudice petitioner to a Fair and impartial Trial Juror was suppose To be Removed from proceeding concerning this case.

## Abuse of Discretion Violation of Due Process

(A) Trial Court Abused her discretion when she Failed To Remove Trial Counsel where defendant made it known before Trial That he wanted To Retain his own private Counsel, where Trial Counsel was already Creating Conflict of Interest This denied petitioner his 6th and 14th Amendment.

(B) Trial Court Abused her Discretion and should've Presumed the likelihood of Prejudice That Counsel was ill to The degree that soon After he died This Caused defendant prejudice because Counsel wasn't able to perform Effectively.

(C) Trial Court Abused her discretion Sentencing The defendant outside the sentencing guidelines for a Misrepresentation of prior Record Score without placing on the Record other Then prior Record Score why she Sentenced The defendant outside guidelines

(D) Trial Court Abused her discretion when she made decision To Redact Charges from the Jury during deliberation And not have private Counsel Conversation Apart of Record when she called Attorney Richard B. Moore cell phone in open Court To Determine Issue As into Redacting Charges denied petitioner due process.

(E) Trial Court Abused her discretion by not Allowing petitioner inside Court Room To Hear Juror Question when petitioner Attempted to Prejudice Juror members

(F) Trial Court Abused her discretion by not given proper Jurox Instruction Has to what is Sample possession.

(G) Trial Court Abused her discretion by not Allowing Jurox to determine guilt or innocense Has to possession Charge which is An Element of A Crime Has To P.W.I.D.

(H) Trial Court Abused her discretion Has to informing the Jury that they only Could find defendant guilty of P.W.I.D. And not Possession because This is A Case of P.W.I.D. Prejudice defendant.

(I) Trial Court Abused her discretion by not Allowing defendant Attorney Prepare For Trial when Attorney Requested Continuance To study Transcript from First And Second Trial.

(J) Trial Court Abused her discretion For Failure to inform Trial Counsel That during Trial That Jurox Member Indicated to the Courts That she Had A problem about defendant Wearing Muslim ATTIRE until Defendant Sentencing.

## Prosecutorial Misconduct

Petitioner STATES Prosecution in Her Zest For A Conviction knowingly Presented False Evidence And False Testimony And Failed To Correct The False Evidence And Testimony where it was Documented in The Transcripts That officer Were lying Because The Transcript showed Egregious inconsistencies in There Stories Even officer Hunter Admitted That Documents was False. The defendant has had 2 Mistrials And The prosecution Did not Want Another or it would not under the Law be Able to bring Forth A Fourth Trial And did what it took to get A Conviction Even though it was False.

(1) Denial of Effective Assistance of Counsel

(1) Trial Counsel was ineffective and Rendered Deficient Performance when he Failed to Challenge that the defendant being questioned without being given the Required Miranda warnings when it was discovered that Philadelphia Police officer Hunter did in fact question the defendant about what he had in his pocket in which was for Miranda Purposes. Had Trial Counsel motioned to Suppress the evidence that was discovered by the Violation the case would have been thrown out. Counsel's Failures Prejudiced the defendant to Competent Representation.

(2) Trial Counsel was ineffective and Rendered Deficient Performance when he Abandoned the defendant's Juror bias claim on direct Appeal After he made post Trial objections to his discovery of Juror Bias. When the Prosecution stated on the Record that a Juror stated her Prejudice for the Defendant Right After Voire Dire had been Completed Because the defendant who is Muslim had not worn his Kufi (Religious Head Cover) during Voire Dire. But had worn it when the Jurors were Seated. The Juror stated that she did not Approve of the Petitioner's wearing his Religion Attire (Kufi) and his Committing such Crimes. This is an Egregious Prejudicial statement that warrant this Juror's Removal and because it was not discovered until After the Trial Counsel had a duty to Raise the Claim in his direct Appeal Instead Counsel Abandoned the Claim denying the defendant to Effective Assistance of Counsel to a direct Appeal that Prejudiced the defendant.

(3) Trial Counsel was ineffective and Rendered deficient Performance when he Failed to Challenge the illegality of the Petitioner's Sentence where the defendant was Sentenced outside the Sentencing Guidelines by Enhancement of the Prior Record Score that was False. Had Trial Counsel Investigated and Review the defendants Prior Record Scores he would've been able to Challenge and Preserve the Issue for Appellate Purpose and Failing to do so caused the Petitioner Prejudiced And he was denied Effective Assistance of Counsel.

(4) Trial counsel was ineffective and Rendered Deficient Performance when he Failed to Investigate and Challenge the Lab Technician's Reports that should have been Testified to instead of Trial Counsel stipulating to the Reports where there's Discrepancy that the defendant was in Possession of any drugs. There's no evidence that he delivered any drugs to Anyone because the police officers Failed to

Apprehend the alleged suspect who purchased the drugs from the petitioner which the Petitioner Maintains his Innocence. The police failed to Apprehend That suspect who allegedly engaged in criminal Activity with the defendant its no way to tell what if Anything the petitioner gave to that person, or whether it was the same thing that officer Hunter And Cordero alleged came from the bag Cordero alleged the defendant had Retrieved. Had Trial Counsel protected the petitioner Constitutional Right to Confrontation of The Witness against him And the LAB Technician could have explained in Person what he/she Found in The Alleged Evidence Turned over by officer Hunter And Cordero where there's many Inconsistencies In their stories. Trial Counsel's Failures caused the petitioner Prejudice to A Fair Trial Effective Assistance of Counsel.

5) Trial Counsel was ineffective and Rendered Deficient Performance when he Abandoned Petitioner's Motion To Suppress, where Trial Counsel had Filed A Motion to Suppress on February 9th 2010 before Trial Court For Lack of Probable Cause which was Never Decided by the Trial Court And upon commencement of Trial on September 20th 2010. Trial Counsel made a Verbal on the Record Motion To Suppress in coupled with The Motion Filed February 9, 2010. upon The Judge making An Inquiry As To whether Trial Counsel was Challenging her counsel said no and Abandoned The Motion. Denying The Petitioner A Fair Trial and Effective Assistance of Counsel which Prejudice Petitioner by waiving the Issue For Appellate Purposes.

6) Trial Counsel was Ineffective And Rendered Deficient Performance when he Abandoned The Petitioner on his 1925(b) Statement of Error Complained of on Appeal and Rendered Incompetence when he Raised Misinformation in his Appellate Brief That defendant was Charged with PIC when infact he was charged with RWID, wherefore The Trial Court stipulated In Her Honor's 1925(a) Opinion That she In Fact gave Trial counsel order to File his 1925(b) Statement of Error on May 9, 2011 which he failed to do Then again The Judge gave what she calls a Courtesy Extention That was not Asked For For Counsel To File 1925(b) by May 24, 2011 And Counsel Failed to do So Again. On May 31, 2011 Counsel Filed An untimely 1925(b) In which the trial Judge states that she was Already writing her Opinion And had Deemed To have address said 1925(b) Statement of Errors with an Abundance of Caution Coupled with The Superior Court Judge's Opinion/Order That Counsel's brief was Indeed either A "Typo or Poor Excuse of The Copy And Paste Function which clearly Show That Trial Counsel was Incompetent And Ineffective and Trial Court knew of Counsel's Poor Physical Conditions AND That The Petitioner had Requested That Counsel be Removed. Instead, Counsel was not Removed and was Ineffective To Represent the Petitioner Throughout his Trial

AND Appellate States where right thereafter Counsel Died. This Prejudiced the Petitioner to a Fair Trial and Appellate Procedures with Competent Counsel.

(7) Trial Counsel was ineffective and Rendered deficient Performance when he failed To Challenge Officer Cordero's Inconsistencies IN His Testifying with the Previous Transcripts From The Mistrials which would have shown that Officer Cordero and Officer Hunter were Testifying falsely AND the Prosecution knew that they were Testifying falsely AND failed To Correct The False Testimony/Evidence when Cordero Testified April 8 2009 That He And Officer Hunter did not have back up And He did not Make Any Phone calls which was False because his Testimony on October 13 2010 he Testified That he infact did make phone calls and that back up had came, which Proves That Officer Hunter lied under oath as well when Hunter alleged he made three calls And Could not get anyone and no back up came. Plus Cordero Testified Hunter made Several Calls while he was with The Petitioner and other officers did come to their location. This testimony is essential because Officer Cordero And Hunter made it Appear That they could not Apprehend the alleged Suspect in The U-Haul who allegedly Purchased Narcotics From The Petitioner, and because they did not Apprehend this Suspect in an alleged Criminal matter it's no way to know that if indeed the defendant gave the Person IN The U-Haul Truck Something that it was drugs. Possession is nine tenth of the Law April 8 2009 Cordero testified they were operating a Blue mini Caravan, Then he Testified September 21, 2010 that they were in a Ford Taurus contrary to his April 8 2009 Testimony and October 13, 2010 Cordero Testified That he did say they were in a Blue Van but Afterwards, he said a Car because he spoke with Petitioner Counsel That Conversation had to be off Record outside of the Petitioner because it isn't Anywhere IN The Transcripts when they spoke which is Ex Parte Communication. Lastly, Cordero Continue to Testify Falsely when he said when they got there they observed the Petitioner on The Northwest Corner of Cambria and 13th street on April 8, 2009, Then on September 8-10 Cordero Testified that The Petitioner was in the Northwest Corner of 13th and Williams Street" which is clearly Inconsistent and Essential To The Truth determining Process where The Petitioner Presented To Trial Counsel That he's being Set up by Officer Cordero and Hunter, who allege they were in the Area investigating a Murder and looking To make Arrest of People so they could Debrief Them about The Murder, which They had a Preconceived notion To Falsely Arrest People/citizens under False Pretense To Solve a Murder The Petitioner had nothing To do with. Further alleging they were in an unmarked Vehicle 40 Feet away with tinted windows through Binoculars that he could not see if the Petitioner Handed The Person Drugs and never Apprehended that Person To know he delivered Drugs. Officer Hunter or Cordero Never took down the license of the U-Haul Truck

Alledged to be from and had cell phone records that showed he obviously untraceable cell phones to call personal officers they felt would do what? They did not use standardized Radio/walkie Talkies, His calling people he knew should raise suspicion on the protocol used by Corrupt police officers and Had Trial Counsel challenged Cordero Testimony with the mistrial Testimony it would have clearly shown That he was Testifying Falsely AND Counsel's Failures Prejudiced the defendant to a Fair Trial And Effective Assistant of Counsel.

8) Trial Counsel was ineffective And Rendered Deficient Performance when he Failed To Challenge The Verdict Being against the weight and sufficiency of the Evidence Post Trial motions waiving the Challenge For Purpose of direct Appeal Both officer's Cordero And Hunter has Testified Falsely And Is inconsistent on who The Probable cause Reports Among other Serious violations That Clearly Show the Verdict is against The weight and sufficiency of the Evidence especially since They didn't prove Petitioner delivered drugs To the person in The U-Haul Truck Because they were only concerned with Arresting People/Citizens under false Pretense To debrief Them on a Murder investigation, they couldn't even get The Petitioner's Exact location Consistent 13 N. Cambria is NOT 13th N. Williams That would be Approximately a Block Away from each other and are not the Same location For Purpose of where The Petitioner was standing when The U-Haul alledgely pulled up. officer's Cordero and Hunter was out on alledge Murder investigation and did not know who committed the Murder yet, they were In an unmarked Car That they have not told The Truth About whether it was A Caravan or Car it had tinted windows And there's No way They were Investigating a Murder Instead. They were staking out The area For drug Activity. Had Trial Counsel Preserved The weight and sufficiency of evidence claim The outcome would have been different in his Appeal And Counsel's Failure Prejudiced The Petitioner to a Fair Post Trial Motion AND Appellate Procedure Deeming Counsel Lack effective Assistance of Counsel.

9) Trial Counsel Deprived Petitioner Effective Assistance of Counsel when he failed to objects to the Prejudicial Presentation of the Defendant's Prior Conviction For Failure To Appear For Court. The Defendant had been held in contempt by The Honorable Judge Linda Carpenter Court of Common pleas in Philadelphia on March 16, 2009 For Failure To Appear After Recess, on December 10 2008. Petitioner was given A Bail on December 31, 2008. Petitioner Then Charged Criminally and Convicted. The defendant did not take the stand And there was no probative value in its Presentation besides to Prejudice The defendant before the Jury

Because there was no evidence of his possessing with intent to deliver and the Commonwealth needed to present any prejudicial information it could to make their case seem credible. Trial counsel sat by idle and allowed his client to be prejudice and the law to be trampled upon. Had trial counsel objected and made the challenge to strike any information such as that magnitude for sole purpose of causing the defendant prejudice is an abrogation of the professional norms of effective assistance of counsel and the defendant was prejudiced and trial counsels was ineffective. Where the presentation of the prior arrest on December 27, 2008 did not give prior notification by the Commonwealth prior to its presentation and for what purpose denied defendant effective assistance of counsel. Counsel failure to challenge the Judge sentence of contempt of court. When infact record shows petitioner was punished for leaving the court room after recess by increase in bail.

(10) Trial counsel was ineffective and deprived petitioner when he failed to have the trial transcripts transcribed prior to his filing a brief on direct appeal. Where it's clear from his presentation of the claims counsel presented before the Superior Court was clearly a misrepresentation of the facts the Superior Court called it a possible typo or a poor excuse of the copy and paste function because he alleged his client was charged with PIC and not PWID which is an egregious error in the appellate process prejudice the petitioner to a fair direct appeal process deeming counsel ineffective.

(11) Trial counsel was ineffective and rendered deficient performance when he failed to present a trial strategy and execute a strategy and failure to investigate by using and presenting pertinent information that would have shown that the defendant was being set up by not obtaining video camera from Clymer Elementary School located at Williams and Cambria, also video from fire station located on Park Ave and N. Cambria that would have proved petitioner did not engaged in any illegal sell of narcotics, which petitioner was arrested by officer who petitioner informed all prior attorneys that he was being set up by these officer who were on a mission to arrest people/citizens to debrief them as if they're pilots from some kind of top secrete journey, which infact they wanted information and question defendant and showed petitioner a photo of Tyler Gent who allegedly was wanted for question prior to a murder on April of 2008 officer had every illegal intent to get it. Trial counsel's trial strategy was contrary to any

strategic basis Designed To Effectuate The defendant's interest Denying Him A Fair Trial And Effective Assistance of Counsel and defendant was prejudice.

(12) Trial Counsel Deprived Petitioner Effective Assistance of Counsel when He Failed To Raise on direct Appeal his objection of Trial Court introducing Photograph evidence (4) days Prior To The Commencement of Trial For Purpose of Corrupting The evidence Already on The Record where officer Hunter Testified That He Took The Photos To show The distance he was Parked from where The defendant was. However, The Photo's were inaccurate To The Alleged Crime Scene and the 40 Feet Distance officer Hunter alleged They were, He said He was Parked on Rush Street which The Photos would've had to depict Arbrum, williams and Cambria streets For Accuracy Instead of Taking The Photo's From where he alleged he was Parked he told Counsel where he stood while Taking The Photo's Arbrum street was At His Feet And Couldn't be Seen in none of The Photo's which Clearly Is overwhelming evidence of improprieties Coupled with His officer Hunter Saying he wasnt involved in Filing The Reports but Then say He was Saying They went out investigating A Murder intending to Arrest And debrief People/Criminals is Clear They were not on A stake out For illegal drugs sells because If They were They would not have let The U-Haul Suspect who was allegedly had Purchased A illegal Control substance, let That Suspect go For The sake of not Compromising Their Investigation when They were out To have People freely come Speak with Them, yet were in An unmarked mini Caravan or Car which ever is The Truth and had Tinted windows clearly say something is suspicious, Because The defendant Failed to Cooperate with Them about A Murder They Falsely Arrested Petitioner hoping To Further debrief Him. Trial Counsel's Objection To The Presentation of The photo's was timely and then For Appellate purpose counsel Abandoned The objections Failed to File the Claim on direct Appeal Causing The Petitioner To be Prejudiced And denied A Fair direct Appellate Process see: (T.T PG's 35 & 57 of october 13, 2010).

(13) Trial Counsel Deprived Petitioner Effective Assistance of Counsel when he Failed To Discredit officer Hunter's Trial Testimony of April 8, 2009, September 21, 2010 And october 13, 2010 with The motion To suppress Hearing notes December 10, 2008 That would've shown That officer Hunter Testified Falsely because At The suppression Hearing of December 10 2008. He Testified That The defendant And not him Took The $120.00 Bill out of His Pocket where he was attempting To

Deceive The Court because in order For him to Search The defendant he would have had To Administer Petitioner The Miranda Warnings and like Hunter Said "In His 19 years As A Philadelphia Police officer he Never Mirandized A Prisoner Yet April 8, 2009, September 21, 2010 and october 13, 2010 officer Hunter Admits Indeed it was he who took the $20.00 bill from The defendant Pocket, Did not Administer defendant his Miranda, when Clearly he Testified December 10, 2008 "I saw There was A $20.00 At one point in The Conversation. I didnt walk up and say, Hey pull that $20.00 out" I said "This is why I'm stopping you And start Asking him Question About The Homicide" Clearly officer Hunter Says They Were Conversating and Then He Say This is why I'm stopping you And Questioned Defendant About A Homicide when in Fact Defendant and officer Hunter Were already Conversating About The defendant Committing A Crime of P.W.I.D which The defendant wasn't free to leave and should've been Mirandized yet Hunter in his Zeal To Find A Murderer Ascerbates The due process Violation by debriefing The defendant on An unrelated Murder To The alleged P.W.I.D Committed Trial Counsel's Failure To use The Suppression Hearing Transcripts Coupled officer Hunter and Cordero Testimony That would have showed Both officer was Testifying Falsely. The outcome of The Trial would've been different if Trial Attorney would have Challenge The Commonwealth objection by Moving For Dismissal Due To The Fact petitioner Was Arrested unlawfully prejudice The defendant To A Fair Trial (See: T.T. pg 8 of December 10, 2008, T.T pg 13-14 of April 8, 2009 T.T. pg 37, 52-53 of September 21, 2010 And T.T. pg 74-76 of october 13, 2010.

Trial Counsel Denied Defendant Effective Assistance of Counsel by Failure To Move For Mistrial Because of Juror Concern.

(3) Issue was not presented because attorney of record never litigated none of petition issue has to (C)(D) Petition reason for not presenting other issue is because attorney of records never enquire about other issue to raise before the courts.

(4) Petitioner does not have any issue under attack in state or federal court.

(5) Preliminary attorney. Defenders Association of Philadelphia. 1441 Samson St Phila, PA 19102.

(B.) David S. Nenner. Arraignment and Plea.

(C) David S. Nenner Trial April 7, 2009 to April 14, 2009, Richard B. Moore second Mistrial Trial September 21, 2010 to September 23, 2010, 3rd Trial Richard B. Moore.

(D) Sentencing. Richard B. Moore.

(E) Appeal. Richard B. Moore, Samantha Dutton Gallagher, Michael Doyle, James Lloyd. All work in Philadelphia.

(F) Post Conviction Proceedings. James Lloyd Esq. 1315 Walnut ST Phila, PA 19107

(G) Adverse ruling in a post-Conviction proceedings James Lloyd.

(16) No Petitioner has not been sentenced on more then one count of indictment
(17) No, Future sentence to serve under attack
(18) No

Wherefore, Petitioner Prays that the Court grant Petitioner Relief To which he may be entitled in this Proceeding

I Declare under Penalty of Perjury that the foregoing is True and Correct.

Signature of Attorney (Pro Se Petitioner)

Pro Se Petitioner _Terrell Johnson_

Date Executed 3-11-19

## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 335 EAL 2018 |
| Respondent | : |
| | : Petition for Allowance of Appeal from |
| | : the Order of the Superior Court |
| v. | : |
| TERRELL JOHNSON, | : |
| Petitioner | : |

## ORDER

**PER CURIAM**

    **AND NOW**, this 9th day of January, 2019, the Petition for Allowance of Appeal is **DENIED**.

A True Copy
As Of 01/09/2019

Attest: 
John W. Person Jr., Esquire
Deputy Prothonotary
Supreme Court of Pennsylvania